UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA          :
                                  :
v.                                :     CASE NO. 8:05-CR- 144-T-27TGW
                                  :        18 U.S.C. § 922(g)(1)
BENJAMIN CHARLES ACKERMAN, JR.:          21 U.S.C. §§ 841(a)(1) and 846
          and                     :     Forfeitures:18 U.S.C. § 924(d)(1)
SARAH LOUISE JACKSON              :              28 U.S.C. § 2461(c)
                                  :              21 U.S.C. § 853.

## INDICTMENT

The Grand Jury charges:

## COUNT ONE

On or about February 23, 2005, at Bradenton, Manatee County, in the Middle

District of Florida,

BENJAMIN CHARLES ACKERMAN, JR.,

the defendant herein, having been convicted of the following felony crimes punishable

by imprisonment exceeding one year to wit:

Sale of Cocaine, Case No. 91-3307F, in the Circuit Court, Twelfth Judicial
Circuit, in and for Manatee County, Florida, on or about March 10, 1992;

Possession of Cocaine, Case No. 93-262F, in the Circuit Court, Twelfth Judicial
Circuit, in and for Manatee County, Florida, on or about February 17, 1993;

Possession of Cocaine with Intent to Sell, Case No. 99-2030F, in the Circuit
Court, Twelfth Judicial Circuit, in and for  Manatee County, Florida, on or about
September 22, 1999; and

Possession of Cocaine, Case No. 00-1742F, in the Circuit Court, Twelfth Judicial
Circuit, in and for Manatee County, Florida, on or about April 30, 2001;

did knowingly possess in and affecting interstate and foreign commerce two firearms, to

wit:  a Standard Arms, 9mm pistol, serial number 06358; and a Smith and Wesson .357

caliber revolver, serial number AZJ0344.

In violation of Title 18, United States Code, Section 922(g)(1).

## COUNT TWO

On or about February 23, 2005, at Bradenton, Manatee County, in the Middle

District of Florida,

BENJAMIN CHARLES ACKERMAN, JR.,
AND
SARAH LOUISE JACKSON,

defendants herein, did knowingly and intentionally possess with intent to distribute five

hundred (500) grams or more of a mixture or substance containing a detectable amount

of cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B)(ii)(II),

and Title 18, United States Code, Section 2.

## COUNT THREE

On or about February 23, 2005, at Bradenton, Manatee County, in the Middle

District of Florida,

BENJAMIN CHARLES ACKERMAN, JR.,
AND
SARAH LOUISE JACKSON,

defendants herein, did knowingly and intentionally possess with intent to distribute fifty

(50)grams or more of a mixture or substance containing a detectable amount of cocaine

base, also called "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii),

and Title 18, United States Code, Section 2.

2

## COUNT FOUR

On or about February 23, 2005, at Bradenton, Manatee County, in the Middle District of Florida,

BENJAMIN CHARLES ACKERMAN, JR.,
AND
SARAH LOUISE JACKSON,

defendants herein, did knowingly and intentionally manufacture fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also called "crack" cocaine, a Schedule II controlled substance.

In violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(iii), and Title 18, United States Code, Section 2.

## COUNT FIVE

On or about February 23, 2005, at Bradenton, Manatee County, in the Middle District of Florida,

BENJAMIN CHARLES ACKERMAN, JR.,
AND
SARAH LOUISE JACKSON,

defendants herein, did knowingly and intentionally conspire and agree with each other, and with other persons, both known and unknown to the Grand Jury, to manufacture, possess with intent to distribute, and to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base, also called "crack" cocaine, a schedule II controlled substance, contrary to the provisions of Title 21, United States Code, Section 841(a)(1).

All in violation or Title 21, United States Code, Sections 846 and 841 (b)(1)(A)(iii).

3

## FORFEITURES

The allegations contained in Counts One through Five of this Indictment, each punishable by imprisonment for more than one year, are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to the provisions of Title 18, United States Code, Section 924(d)(1), Title 28, United States Code, Section 2461(c), and Title 21, United States Code, Section 853.

1.     From his engagement in any or all of the violations alleged in Count One of this Indictment, which count is incorporated as if more fully set forth herein, defendant BENJAMIN CHARLES ACKERMAN, JR. shall forfeit to the United States, all right, title and interest in any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code Section 922(g), including but not limited to a Standard Arms 9 mm pistol, serial number 06358, and a Smith and Wesson .357 caliber revolver, serial number AZJ0344.

2.     From their engagement in any or all of the violations alleged in Counts Two through Five of this Indictment, which counts are incorporated as if more fully set forth herein, defendants BENJAMIN CHARLES ACKERMAN, JR. and SARAH LOUISE JACKSON shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a)(1) and (2), all of their interest in:

   a.     Property constituting and derived from any proceeds the defendant obtained, directly or indirectly, as a result of such violations; and

   b.     Property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

3.     Such property includes, but is not limited to $62,600 in U.S. currency.

4

4.    If any of the property described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the Court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendants up to the value of the forfeitable property.

A TRUE BILL,

_____
FOREPERSON

PAUL I. PEREZ
United States Attorney

By: _____
DONALD L. HANSEN
Assistant United States Attorney

By: _____
THOMAS DALE SMITH
Special Assistant United States Attorney

By: _____
JAY L. HOFFER
Assistant United States Attorney
Deputy Chief, Special Prosecutions Section

No. 8:05-CR-

# UNITED STATES DISTRICT COURT

Middle District of Florida
Tampa Division

## THE UNITED STATES OF AMERICA

vs.

### BENJAMIN CHARLES ACKERMAN, JR.
and
### SARAH LOUISE JACKSON

## INDICTMENT

Violations:

Title 18, United States Code, Section 922 (g)(1)
Title 21, United States Code, Sections 846 and 841(a)(1)

A true bill,

*Belinda Popo*

Foreperson

Filed in open court this 7th day

of April, A.D. 2005.

_____
Clerk

Bail   $_____

GPO 863 525

Case 8:05-cr-00144-MSS-TGW   Document 1   Filed 04/07/05   Page 6 of 6 PageID 6

N:\_Criminal Cases\A\Ackerman_2005R00599_dlh\f_indictment_back.frm