# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

UNITED STATES OF AMERICA

**JUDGMENT IN A CRIMINAL CASE**

CASE NUMBER: 8:05-CR-144-T-27TGW
USM NUMBER: 48137-018

vs.

BENJAMIN CHARLES ACKERMAN, JR.

Defendant's Attorney: Thomas Ostrander

THE DEFENDANT:

X   pleaded guilty to count(s) One and Five of the Indictment.
___ pleaded nolo contendere to count(s) which was accepted by the court.
___ was found guilty on count(s) after a plea of not guilty.

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of Firearms by a Convicted Felon | February 23, 2005 | One |
| 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(iii) | Conspiracy to Possess with Intent to Distribute and Distribution of Fifty (50) Grams or More of Cocaine Base | February 23, 2005 | Five |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___ The defendant has been found not guilty on count(s)
X   Count(s) Two, Three, and Four (is)(are) dismissed on the motion of the United States.

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.
If ordered to pay restitution, the defendant shall notify the court and United States Attorney of any material change in economic circumstances.

Date of Imposition of Sentence: June 5, 2006

JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

DATE: June 6, 2006

Defendant:      BENJAMIN CHARLES ACKERMAN, JR.                     Judgment - Page _2_ of _6_
Case No.:       8:05-CR-144-T-27TGW

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **ONE HUNDRED TWENTY (120) MONTHS, as to Count One; TWO HUNDRED SIXTEEN (216) MONTHS as to Count Five; CONCURRENT.**

Defendant shall be given credit toward the service of a term of imprisonment for any time he/she has spent in official detention prior to the date the sentence commences -- (1) as a result of the offense for which the sentence was imposed; or (2) as a result of any other charge for which the Defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence. 18 U.S.C. § 3585(b).

_X_ The court makes the following recommendations to the Bureau of Prisons:  The Court recommends confinement at Coleman, or Jesup, alternatively.  If eligible, the Court recommends the defendant participate in the Residential 500 Hour Drug Abuse Treatment Program.

_X_ The defendant is remanded to the custody of the United States Marshal.
___ The defendant shall surrender to the United States Marshal for this district.

    ___ at ___ a.m./p.m. on ___.
    ___ as notified by the United States Marshal.

___ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.

    ___ before 2 p.m. on ___.
    ___ as notified by the United States Marshal.
    ___ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

                                _____

                                United States Marshal

                                By:_____

                                Deputy Marshal

| Defendant: | BENJAMIN CHARLES ACKERMAN, JR. | Judgment - Page _3_ of _6_ |
|---|---|---|
| Case No.: | 8:05-CR-144-T-27TGW | |

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **THREE (3) YEARS as to Count One; TEN (10) YEARS as to Count Five; CONCURRENT.**

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

_ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable).

_ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable.)

_X_ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

_ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)

_ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Defendant:       BENJAMIN CHARLES ACKERMAN, JR.                    Judgment - Page _4_ of _6_
Case No.:        8:05-CR-144-T-27TGW

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall also comply with the following additional conditions of supervised release:


 X      The defendant shall participate in a program (outpatient and/or inpatient) for treatment of narcotic addiction or drug or alcohol dependency and follow the probation officer's instructions regarding the implementation of this court directive. This program may include testing for the detection of substance use or abuse not to exceed 104 tests per year. Further, the defendant shall be required to contribute to the costs of services for such treatment not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. Upon completion of a drug or alcohol dependency treatment program the defendant is directed to submit to testing for the detection of substance use or abuse not to exceed 104 times per year.


 X      Defendant shall perform _300_ hours of community service. This community service may be substituted on an hourly basis for gainful employment.

Defendant:    BENJAMIN CHARLES ACKERMAN, JR.              Judgment - Page _5_ of _6_
Case No.:    8:05-CR-144-T-27TGW

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Total Restitution** |
|---|---|---|---|
| **Totals:** | $200.00 | $Waived | $N/A |

___   The determination of restitution is deferred until ____.    An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

___   The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States.

| Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|
| Totals: | $ | $ | |

___   Restitution amount ordered pursuant to plea agreement  $ _____.

___   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

___   The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ___   the interest requirement is waived for the ___ fine ___ restitution.

    ___   the interest requirement for the ___ fine ___ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for the offenses committed on or after September 13, 1994, but before April 23, 1996.

| Defendant: | BENJAMIN CHARLES ACKERMAN, JR. | Judgment - Page _6_ of _6_ |
| Case No.: | 8:05-CR-144-T-27TGW | |

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A. ___ Lump sum payment of $ _ due immediately, balance due

  ___ not later than _____, or

  ___ in accordance ___ C, ___ D, ___ E or ___ F below; or

B. _X_ Payment to begin immediately (may be combined with ___ C, ___ D, or ____ F below); or

C. ___ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ days (e.g., 30 or 60 days) after the date of this judgment; or

D. ___ Payment in equal _____(e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____, (e.g., months or years) to commence _____ (e.g. 30 or 60 days) after release from imprisonment to a term of supervision; or

E. ___ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time, or

F. ___ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_ Joint and Several

  Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

_ The defendant shall pay the cost of prosecution.

_ The defendant shall pay the following court cost(s):

_X_ The defendant shall forfeit the defendant's interest in the following property to the United States:

[SEE ATTACHED ORDER]

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION



UNITED STATES OF AMERICA,      :
                               :
        Plaintiff,             :
                               :
    v.                         :        Case No.  8:05-cr-144-T-27TGW
                               :
BENJAMIN CHARLES ACKERMAN, JR.:
                               :
        Defendant.             :
_____:

## PRELIMINARY ORDER OF FORFEITURE

THIS CAUSE comes before the court upon the filing of the Motion of the United

States of America for entry of a Preliminary Order of Forfeiture in the following property:

    a.    $62,760.00 in United States currency;

    b.    1986 Honda motorcycle, VIN JH2MF020XGK003264;

    c.    1994 Ford van automobile, VIN 1FMEU15H7RLB14017;

    d.    1997 Mercury sedan automobile, VIN 2MELM74W6VX670958;

    e.    1997 Mercedes Benz sedan automobile, VIN
          WDBHA28E2VF596629;

    f.    1997 Ford pickup truck, VIN 1FTDF17W8VNA47254;

    g.    1999 Buick sedan automobile, VIN 1G4GDD2218X4701937;

    h.    2001 Chevrolet SUV, VIN 3GNEC16T51G240332;

    i.    Standard Arms 9mm pistol, serial number 06358; and

    j.    Smith and Wesson .357 caliber revolver, serial number AZJ0344.

The court hereby finds that the United States has met its burden of establishing

the sufficiency of the *nexus* between the offense and the property sought for forfeiture.

Accordingly, it is hereby

ORDERED, ADJUDGED AND DECREED that for good cause shown, said Motion of the United States is hereby GRANTED.

It is further ORDERED that pursuant to the provisions of 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), and 21 U.S.C. § 853, all right, title and interest of defendant Benjamin Charles Ackerman, Jr., in the above-referenced property is hereby forfeited to the United States for disposition according to law.

The court retains jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property, and to entertain any third party claims that may be asserted in these proceedings.

DONE and ORDERED in Chambers in Tampa, Florida, this ___2nd___ day of ___June___, 2006.

_____
JAMES D. WHITTEMORE
UNITED STATES DISTRICT JUDGE

Copies to:
Adelaide G. Few, AUSA
Counsel of Record

2